## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

LYNDSEY KELLEY,

              Plaintiff,                           Case No.

v.

LAW    OFFICES    OF    DANIEL    C.
CONSUEGRA, P.L.,

              Defendants.

_____/

### VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, LYNDSEY KELLEY (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and hereby sues the Defendant, LAW OFFICES OF DANIEL C. CONSUEGRA, P.L. (hereinafter referred to "Consuegra" or "Defendant"), for damages and alleges in support thereof:

### JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendant state law claims.

2.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*, in its illegal efforts to collect a consumer debt from Plaintiff.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4.  Plaintiff, Lyndsey Kelley, is a natural person who resides in Lee County, Florida, and is a

"consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

5.    Defendant, Law Offices of Daniel C. Consuegra (hereinafter referred to as "Consuegra"), is a Florida limited liability company operating from a principal address of 9210 King Palm Dr., Tampa, FL 33619, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).  Defendant is a "debt collector" as defined by the aforementioned statutes because Defendant regularly files and litigates lawsuits on behalf of others in an effort to collect consumer debts from debtors and alleged debtors.

### FACTS

6.    On or about August 30, 2006, Plaintiff signed a promissory note and mortgage in favor of Suncoast Schools Federal Credit Union (hereinafter referred to as "Suncoast"), thus becoming indebted to Suncoast in the amount of approximately $190,120.00 (hereinafter referred to as the "Debt").

7.    Plaintiff used the money borrowed from Suncoast to purchase residential property located at 145 26th Terrace, Cape Coral, FL 33904 (the "Subject Property"), which Plaintiff and her then husband used as their homestead.

8.    Accordingly, the Debt incurred to Suncoast was incurred primarily for personal, family, or household purposes and is a consumer debt as that term is defined by the FDCPA and the FCCPA.

9.    Subsequently, due to financial constraints, Plaintiff and her then husband fell behind on payments on the Debt.  Plaintiff and her then husband defaulted on the debt, leading Plaintiff to file a Chapter 7 bankruptcy case with the United States Bankruptcy Court for the Middle District of Florida, Fort Myers Division, case no. 9:15-bk-08845-FMD.  *See* **Exhibit "A"** attached hereto.

10.   The Debt was duly listed on the schedules filed with Plaintiff's bankruptcy petition, and Suncoast was duly listed on the creditor mailing matrix. *See* **Composite Exhibit "B"** attached hereto.

11.   Suncoast received notice of Plaintiff's bankruptcy, and eventually entered an appearance in Plaintiff's bankruptcy case and formally requested relief from the automatic stay for the purpose of filing a foreclosure action on the Subject Property. *See* **Composite Exhibit "C"** attached hereto.

12.   On November 5, 2015, the Bankruptcy Court granted Suncoast relief from the automatic stay, but in doing so specifically ordered that "[t]he relief granted [...] permits the Creditor to seek and obtain in rem relief against the collateral/property only and *does not permit the Creditor to seek or obtain in personam relief against the Debtor(s)."* *See* **Exhibit "D"** attached hereto (*emphasis added*).

13.   Plaintiff received an order discharging her debts in the Chapter 7 bankruptcy case, including the above-described Debt related to the mortgage loan on the Subject Property, on December 8, 2015.  The certificate of notice clearly shows that the order of discharge was sent to Suncoast at one physical address and one electronic address. *See* **Exhibit "E"** attached hereto.

14.   At no time during Plaintiff's bankruptcy case did either Suncoast, Consuegra, or any other person or entity challenge the dischargeability of the Debt or object to discharge of the Debt.

15.   On March 4, 2016, Suncoast filed an action to foreclose the mortgage securing the Subject Property. *See Suncoast Credit Union v. Christopher Smith, et al.,* Lee County case number 16-CA-000762 (hereinafter referred to as the "Foreclosure Action").

16.     On October 13, 2016, the Foreclosure Action culminated in a final judgment of foreclosure in favor of Suntrust, in which the court reserved jurisdiction to enter a ruling on a deficiency judgment if proper. *See* **Exhibit "F"** attached hereto.

17.     On November 28, 2017, Consuegra filed a deficiency action (hereinafter referred to as the "Deficiency Action") on behalf of Suncoast in an effort to collect the Debt from Plaintiff. The complained filed in the Deficiency Action specifically "demands judgment in the amount of $40,204.44 for damages together with interest, cost, and a reasonable attorney's fee against" Plaintiff herein. *See* **Exhibit "G"** attached hereto.

18.     Nowhere in the complaint, or any other documents, filed in the Deficiency Action is there mention of the bankruptcy discharge. The Deficiency Action specifically names "LYNDSEY KELLEY" as a defendant thereto, and demands monetary relief from her on the Debt, which was discharged in bankruptcy and thus no longer owed by her.

19.     Upon information and belief, at all times relevant hereto, Consuegra was acting on behalf of Suncoast, in its capacity as agent of and attorney for Suncoast.

20.     The actions of the Consuegra as alleged herein constitute willful, intentional, gross and flagrant violations of the FDCPA and the FCCPA.

21.     The Plaintiff has been severely agitated, annoyed, traumatized, emotionally damaged and has otherwise been unduly inconvenienced by the actions of the Defendant.

22.     The Plaintiff has suffered further actual damage in the form of attorneys' fees for having to hire an attorney to litigate the Deficiency Action, which should never have been filed against her in the first place.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)(A)

23.    Plaintiff incorporates by reference 1 – 22 of the paragraphs of this Complaint as though fully stated herein.

24.    The foregoing acts and omissions of Consuegra constitute a violation of the Fair Debt Collection Practices Act.

25.    Consuegra authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer owed.

26.    Consuegra violated 15 U.S.C. § 1692e(2)(A), which provides that a debt collector may not make a false representation of "the character, amount, or legal status of any debt," by filing the Deficiency Action, which falsely alleges a right to judgment in the amount of $40,204.44 from Plaintiff on the Debt, despite the fact that the Debt had been discharged in Plaintiff's bankruptcy.

27.    As a direct and proximate result of Consuegra's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

28.    Plaintiff has also incurred actual damages in the form of attorneys' fees for having to hire an attorney to litigate the Deficiency Action, which should never have been filed against her in the first place.

29.    Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(2)(A). Accordingly, the

Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

30.   Plaintiff incorporates by reference 1 – 22 of the paragraphs of this Complaint as though fully stated herein.

31.   The foregoing acts and omissions of Consuegra constitute a violation of the Fair Debt Collection Practices Act.

32.   Consuegra authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer owed.

33.   Consuegra violated 15 U.S.C. § 1692e(10), which provides that a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt," by filing the Deficiency Action, which falsely represents that Suncoast has a right to judgment in the amount of $40,204.44 from Plaintiff on the Debt, despite the fact that the Debt had been discharged in Plaintiff's bankruptcy.

34.   As a direct and proximate result of Consuegra's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

35.   Plaintiff has also incurred actual damages in the form of attorneys' fees for having to hire an attorney to litigate the Deficiency Action, which should never have been filed against her in the first place.

36.   Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(10). Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

37.   Plaintiff incorporates by reference 1 – 22 of the paragraphs of this Complaint as though fully stated herein.

38.   The foregoing acts and omissions of Consuegra constitute a violation of the Fair Debt Collection Practices Act.

39.   Consuegra authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff when it knew such debt had been discharged in Plaintiff's bankruptcy and was thus no longer owed.

40.   Consuegra violated 15 U.S.C. § 1692f, which provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," by filing the Deficiency Action, which unfairly and unconscionably attempts to utilize the court system to secure judgment in the amount of $40,204.44 from Plaintiff on the Debt, despite the fact that the Debt had been discharged in Plaintiff's bankruptcy.

41.   As a direct and proximate result of Consuegra's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

42. Plaintiff has also incurred actual damages in the form of attorneys' fees for having to hire an attorney to litigate the Deficiency Action, which should never have been filed against her in the first place.

43. Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692f.  Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## TRIAL BY JURY

44. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  U.S. Const. amend. VII; Fed. R. Civ. P. 38.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for an award of punitive damages pursuant to Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for an award of actual damages for Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA and FCCPA violations in an amount to be determined at trial; and

- for such other and further relief as may be just and proper.

*Respectfully submitted,*

Dated: <u>March 12, 2018</u>

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL  33919
(239) 939-0900
(239) 939-0588 – Fax
www.DellutriLawGroup.com
*Attorneys for Plaintiff*

By:  /s/ Joseph C. LoTempio
     Joseph C. LoTempio, Esq.
     Fla. Bar No. 0086097
     jlotempio@dellutrilawgroup.com

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF Florida )
) ss
COUNTY OF Lee )

Plaintiff, LYNDSEY KELLEY, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil action.
2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this Complaint is not interposed for any improper purpose, such as to harass any party, cause unnecessary delay to any party, or create a needless increase in the cost of litigation to any party to this action.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
LYNDSEY KELLEY

Subscribed and sworn to before me this 9th day of March, 20 18 by LYNDSEY KELLEY who:

☐ is personally known; or

☒ produced identification  FL DL

KATHRYN MICHIE
Commission # FF 198362
Expires May 10, 2019
Bonded Thru Troy Fain Insurance 800-385-7019

_____
Notary Public

(SEAL)